IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FRANKLIN L. WILLIAMS,

    Petitioner,

vs.

CIVIL ACTION NO.: CV511-118

REBECCA TAMEZ, Warden, and
U. S. ATTORNEY,

    Respondents.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Petitioner Franklin Williams ("Williams") asserts that his attorney did not inform him of the Eleventh Circuit Court of Appeals' decision in a timely manner, which prevented him from being able to file a timely petition for writ of certiorari with the United States Supreme Court. According to Williams, his attorney's inaction presents an extraordinary circumstance which stood in the way of Williams proving his actual innocence of the offense for which he was convicted. However, Williams could—and should—have raised this ground in his original 28 U.S.C. § 2255 motion, and he failed to do so. See Williams v. United States, Case No. CV508-34.

Williams also asserts that he meets the savings clause of section 2255(e), and that this Court has a narrow focus on second or successive § 2255 motions. Despite Williams' assertions to the contrary, he has not met all three (3) of the Wofford v. Scott,

AO 72A
(Rev. 8/82)

177 F.3d 1236 (11th Cir. 1999), requirements to satisfy the savings clause. In addition, in order to file a second or successive § 2255 motion in this Court, Williams had to file a motion with the Eleventh Circuit seeking authorization for this Court to review the merits of another section 2255 motion. 28 U.S.C. § 2244(b)(3)(A). Williams has failed to obtain the Eleventh Circuit's permission to do so. Thus, this Court cannot entertain the merits of Williams' petition, as it is nothing more than an unauthorized, successive § 2255 motion.

Williams' Objections are **overruled**. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Williams' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 6th day of February, 2012.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev. 8/82)